IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHERYL JOHNSON-WILLIAMS, a/k/a** | § | |
| **CHERYL ANGRUM,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:14-CV-3927-M (BH)** |
| | § | |
| **CITIMORTGAGE, INC.; MORTGAGE** | § | |
| **ELECTRONIC REGISTRY SYSTEMS;** | § | |
| **SHELLEY ORTOLANI, et al.** | § | |
| **SUBSTITUTE TRUSTEES,** | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSION, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case was automatically referred for pretrial management. Before the Court for recommendation is *Defendants' Motion to Dismiss Plaintiff's Amended Petition for Declaratory Judgment*, filed January 15, 2015 (doc. 7). Based on the relevant filings and applicable law, the motion should be **GRANTED.**

## I. BACKGROUND

This case involves the foreclosure of the property located at 1908 Courtside Drive, Grand Prairie, Texas 75051 (the Property). (*See* doc. 1-11 at 2, 4.)[1] On August 5, 2014, Cheryl Johnson-Williams (Plaintiff) filed this action in state court against CitiMortgage, Inc. (CMI), Mortgage Electronic Registration Systems, Inc. (MERS) (collectively, Defendants)[2], "Shelley Ortolani, et al, Substitute Trustees", and

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2]MERS is incorrectly named in the suit as Mortgage Electronic Registry Systems.

Everett Financial, Inc. d/b/a Supreme Lending (Everett).[3] (*See* doc. 1-1 at 6-7.) On August 5, 2014, the state court issued a temporary restraining order to restrain the defendants from selling the Property, but a foreclosure sale of the Property was held that same day. (*See* doc. 1-3; doc. 1-11 at 25-26.) Plaintiff filed an amended petition for declaratory judgment on November 5, 2014. (doc. 1-11.) On that date, Defendants removed the action to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1.)

Plaintiff contends that she became the sole fee simple owner of the Property on September 6, 2006, pursuant to a general warranty deed. (doc. 1-11 at 4, 13-14 .) On or about September 20, 2006, she executed a deed of trust securing payment of a loan to her from Everett. (*Id*. at 15-22.) The deed of trust designated MERS as "the beneficiary" and the nominee for "Lender" and its successors and assigns. (*Id*. at 15.) Under the deed of trust, MERS held legal title to the interests Plaintiff granted in it. (*Id*. at 16.) MERS had the right to exercise any and all of those interests, including the right to foreclose and sell the Property and to release and cancel the deed of trust. (*Id*.)

On January 17, 2012, MERS recorded in the Official Public Records of Dallas County an assignment of the deed of trust from itself to CMI (the Assignment). (*Id*. at 23.) Shonda Williams (Williams) executed the Assignment as the assistant secretary of MERS. (*Id*.) Her mailing address began with the notation "c/o CitiMortgage, Inc." (*Id*.)

Plaintiff contends that on June 19, 2014, CMI issued a notice of trustee's sale. (*Id*. at 4.) Shelley Ortolani executed a substitute trustee's deed on August 11, 2014. (*Id*. at 25-26.) According to the deed,

---

[3]Everett has been nonsuited. (doc. 1-14.)

CMI purchased the Property at a foreclosure sale on August 5, 2014.  (*Id*.)

Plaintiff alleges that the whereabouts of the note are unknown.  (*Id*. at 4.)  According to her, if Defendants are allowed to "enforce the Note without producing the original with all its endorsements and allonges" to show their authority to enforce the Note, she is in jeopardy of other individuals appearing at a later date and claiming that they are entitled to payment under the note.  (*Id*. at 5-6.)  She contends that the purpose of MERS is to save lenders, investors, and others who buy or sell mortgage loans, the expense of recording an assignment of the deed of trust each time the note associated with the deed of trust is sold.  (*Id*. at 4.)  Regardless of how many times a note is sold or transferred, the deed of trust is not transferred with it.  (*Id*.)  The deed of trust remains in the name of MERS, and MERS never "takes possession of promissory notes." (*Id*.)  She contends that MERS requires those signing on its behalf to be officers or members of MERS and to take a training class to be a MERS certifying officer.  (*Id*. at 5.)

Plaintiff's amended complaint expressly asserts claims for fraud, slander of title, declaratory relief, and injunctive relief.  (*See id*. at 6-12.)  It may also be liberally construed as asserting a claim for creation of a fraudulent lien under Tex. Civ. Prac. & Rem. Code § 12.002.  (*See id*. at 7.)  On January 15, 2015, Defendants moved to dismiss it, and the motion is ripe for recommendation.

## II.  RULE 12(b)(6) MOTION

Defendants move to dismiss Plaintiff's amended complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (doc. 7.)

### A.    <u>Legal Standard</u>

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa*

*v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

4

possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 679.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Lastly, "it is [also] clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly,

documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Plaintiff attaches to her amended complaint copies of a general warranty deed dated September 20, 2006, granting the Property to her; the deed of trust securing her loan from Everett; the Assignment; and the substitute trustee's deed. (doc. 1-11 at 13-26.)  These documents are therefore considered part of the pleadings.  *See Katrina Canal Breaches Litig.*, 495 F.3d at 205.

## B.   Authority to Foreclose - "Split-the-Note"/"Show-me-the-Note" Theories

Defendants argue that the crux of Plaintiff's amended complaint is based on the "split-the-note" and "show-me-the-note" theories, which have been rejected under Texas law.  (doc. 7-1 at 9-13.)

In support of her fraud and slander of title claims, Plaintiff contends that the deed of trust is void because it has been severed from the note.  (*See* doc. 1-11 at 7, 9-10.).  This contention implicates the "split-the-note" theory.  *See Enis v. Bank of Am., N.A.*, No. 3:12-CV-0295-D, 2012 WL 4741073, at *2 (N.D. Tex. Oct. 3, 2012).  The "split-the-note" theory states "that a transfer of a deed of trust by way of MERS 'splits' the note from the deed of trust, thus rendering both null.  In order to foreclose, the theory goes, a party must hold both the note and the deed of trust."  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) (citations omitted).  Similarly, her claim that Defendants are required to produce the original note with all endorsements and alonges in order to enforce the note, i.e. foreclose on the Property, implicates the "show-me-the-note" theory.  *See Bennett v. JPMorgan Chase*, No. 3:12-CV-212-N, 2012 WL 2864751, at *3 (N.D. Tex. June 12, 2012), *rec. adopted*, 2012 WL 2864467 (N.D. Tex. July 12, 2012).  "Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure."  *Wells v. BAC Home*

*Loan Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at * 2 (W.D. Tex. Apr. 26, 2011) (internal quotations omitted).

Both theories have been widely rejected by courts in Texas. *See Martins*, 722 F.3d at 254–55. Specifically, "Texas courts have refused to conflate foreclosure with enforcement of a promissory note." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011). Under Texas law, promissory notes and deeds of trust are distinct obligations that afford lenders distinct remedies upon default, "the note against the borrower and the lien against the real property." *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03–11–00644–CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug.30, 2012, no pet.) (mem. op.). "Where a debt is 'secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations.'" *Martins*, 722 F.3d at 255 (quoting *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.–Corpus Christi 2002, pet. denied). Additionally, when the lender seeks a personal judgment against the borrower, it "must typically demonstrate that it is the holder of the note by producing the original wet-ink instrument." *Millet v. JP Morgan Chase, N.A.*, No. SA-11-CV-1031-XR, 2012 WL 1029497, at *3 (W.D. Tex. Mar. 26, 2012).[4] By contrast, "[f]oreclosure is an independent action against the collateral" that "enforces the deed of trust, not the underlying note." *Reardean*, 2011 WL 3268307, at *3.

Courts have held that where MERS, a "book entry system", is the "mortgagee" and "is given the power of sale under the deed of trust, then it has the power of sale." *Willeford v. Wells Fargo Bank,*

---

[4] The Texas Uniform Commercial Code (UCC) governs the procedure for establishing "holder" status. *See* Tex. Bus. & Com. Code Ann. §§ 3.201, 3.203, and 3.204 (West 2002) (providing the requirements for the negotiation, transfer, and endorsement of negotiable instruments).

*N.A.*, No. 3:12-CV-0448-B, 2012 WL 2864499, at *2 (N.D. Tex. July 12, 2012).[5]  "MERS also has the authority to transfer the power of sale *by assigning the deed of trust*." *Id.* (emphasis added); *accord Enis*, 2012 WL 4741073, at *2 ("Because under the deed of trust MERS held the power of sale, BOA received that power when it was assigned the deed of trust.").  Moreover, courts in this Circuit have also held that the transfer of the note or deed of trust automatically transfers the other because they "must be read . . . and construed together as a single instrument."  *Warren v. Bank of Am., N.A.*, No. 3:11-CV-3603-M, 2012 WL 3020075, at *4 (N.D. Tex. June 19, 2012), *rec. adopted*, 2012 WL 3024746 (N.D. Tex. July 24, 2012); *Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.*, No. 3:12-CV-3:12-CV-0613-D, 2012 WL 2196040, at *3 (N.D. Tex. June 15, 2012) (Fitzwater, C.J.) ("[T]he transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions.") (internal quotations omitted); *Kramer v. Fannie Mae*, No. A-12-CA-276-SS, 2012 WL 3027990, at *5 (W.D. Tex. May 15, 2012) (same) (listing cases).

Here, MERS was the original mortgagee because it is a "book entry system" and was the "beneficiary" of the deed of trust.  *See* Tex. Prop. Code Ann. § 51.0001(4)(A)–(B); (*see also* doc. 1-11 at 15).  When it assigned the deed of trust, CMI became the new mortgagee and acquired all of MERS's rights.  *See* Tex. Prop. Code § 51.0001(4)(A),(C).  As the new mortgagee, CMI had all of the rights that Plaintiff granted the lender under the deed of trust, including the power of sale on default.  *See id.*; (*see also* doc. 1-11 at 16).  CMI could exercise that right without having to produce the original promissory note.  *See Martins*, 722 F.3d at 255; *Asonibe v. Flagstar Bank, FSB*, No. 3:12-CV-2113-M BH, 2013 WL

---

[5]A "mortgagee" is "the grantee, beneficiary, owner, or holder of a security instrument"; "a book entry system"; or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record."  Tex. Prop. Code Ann. § 51.0001(4)(A)–(C).

1828842, at \*6 (N.D. Tex. Apr. 5, 2013), *rec. adopted*, 2013 WL 1831747 (N.D. Tex. Apr. 30, 2013) ("As the new mortgagee, Defendant could foreclose on the Property upon Plaintiffs' default without having to produce the note or deed of trust.").

Plaintiff's allegation that Defendants were not entitled to foreclose on the Property because the note and deed of trust have been separated and the deed of trust is void, cannot support a claim against them as a matter of law. *See Enis*, 2012 WL 4741073, at \*2. Her related theory that Defendants were not entitled to foreclose because they did not own or hold the note is likewise unavailing. *See Martins*, 722 F.3d at 255. To the extent Plaintiff premises any of her claims for relief on her "split-the-note" or "show-me-the-note" theories, the claims are subject to dismissal for failure to state a claim.

## C.    Lack of Standing

According to Defendants, Plaintiff's fraud claim is based on her theory that MERS's Assignment was "fraudulent" because Ms. Williams did not have authority to execute it on behalf of MERS. (doc. 7-1 at 13.) They argue that Plaintiff lacks standing to challenge the Assignment on that basis because she is not a party to it. (*Id*. at 13-14.)

Several district courts in Texas have held that "borrowers do not have standing to challenge the assignments to their mortgages because they are not parties to those assignments. *Kidd v. Fed. Nat. Mortg. Ass'n*, No. 3:12-CV-1733-B, 2013 WL 4900962, at \*2 (N.D.Tex. Oct. 15, 2012) (collecting cases); *see also Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at \*5 (N.D.Tex. June 26, 2012); *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp.2d 616, 623 (N.D.Tex. 2011) ("Plaintiffs do not have standing to challenge the assignments because they were not a party to those assignments.")(quoting *Eskeridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285,

9

2011 WL 2163989, at *5 (W.D.Tex. Feb. 24, 2011). Citing Texas law, however, some federal courts have recognized two exceptions: (1) the obligor of an assigned "claim may defend [a] suit brought thereon on any ground which renders the assignment void, but ... not ... voidable," and (2) "under very limited circumstances, ... a defendant sued on a negotiable instrument [may] assert defenses and claims held by others." *Kramer*, 2012 WL 3027990, at *4-5 (citing to *Tri-Cities Const., Inc. v. American Nat. Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.-Houston [1st Dist.] 1975, no writ) and Tex. Bus. & Com. Code § 3.305(c)); *see also Rodriguez v. Bank of Am., N.A.*, No. SA-12-CV-00905-DAE, 2013 WL 1773670, at *5 (W.D. Tex. Apr. 25, 2013); *Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012); *Miller v. Homecomings Fin., LLC*, No. 4:11-CV-04416, 2012 WL 3206237, at *5 (S.D. Tex. Aug. 8, 2012).

The Fifth Circuit has expressly adopted the first exception, stating "in Texas... an obligor cannot defend against an assignee's efforts to enforce [an] obligation on a ground that merely renders the assignment voidable[6] at the election of the assignor," but an "obligor *may* defend on any ground which renders the assignment void." *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (citing *Tri–Cities Const., Inc.*, 523 S.W.2d at 430; *Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.)) (emphasis in original). A debtor can challenge a void assignment "because a void assignment would not pass title, and the debtor has an interest to insure [*sic*] himself that he will not have to pay the same claim twice." *Washington v. JP Morgan Chase*, No. SA-11-CV-763-XR, 2013 WL 636054, at *8 (W.D. Tex. Feb. 20, 2013) (citation omitted); *accord*

---

[6] "Examples of 'voidable' defenses include the statute of frauds, . . . fraud in the inducement, . . . lack of capacity as a minor, . . . and mutual mistake." *Miller*, 2012 WL 3206237, at *5; *see also* Tex. Bus. & Com. Code § 3.202(a) (listing voidable defenses against the enforcement of a negotiable instrument).

*Tri–Cities Const., Inc.*, 523 S.W.2d at 430.  With respect to the assignment of a mortgage, "[a] void contract of assignment confers no right to foreclose under the deed on the purported assignee while a voidable contract transfers the deed to the assignee—including the rights contained in it—subject to the rights of the assignor to set it aside upon proof [that] the contract was executed improperly." *Puente,* 2012 WL 4335997, at *6 n. 14 (citing to *Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671, 674 (Tex. 1942)); *see also Glass*, 330 S.W.2d at 537 (distinguishing between a void and a voidable assignment).[7]

### 1.    *Lack of Signing Authority*

Plaintiff alleges that the Assignment was invalid and void because it "clearly indicates that a 'Shondra Williams' titled Assistant Secretary purportedly for either MERS or Everette Financial Inc., executed the assignment, however Ms. Williams obviously was not employed by either of the aforementioned, she was employed by CitiMortgage, Inc." (doc. 1-11 at 6, 10.)  As noted by the Fifth Circuit, a challenge of an assignment based on the signer's lack of authority only renders the assignment voidable, and therefore does not convey standing to challenge the assignment.  *See Reinagel,* 735 F.3d at 226 ("'[Texas] law is settled that the obligors of a claim...may not defend [against an assignee's effort to enforce the obligation] on any ground which renders the assignment voidable only,' [and so defendant's] lack of authority, even accepted as true, does not furnish the Reinagels with a basis to challenge the second assignment.") (citing *Tri-Cities Constr.*, 523 S.W.2d at 430; *Glass*, 330 S.W.2d at 537); *see also Van Duzer v. U.S. Bank Nat. Assoc.,* No. H-13-1398, 2014 WL 357878, at * 8 (S.D. Tex. Jan. 31, 2014) (finding plaintiffs' challenge of the assignment based on the signer's lack of authority would render the

---

[7]   "This rule accords with [the] principle of contract law" that a "void contract is 'invalid or unlawful from its inception' and therefore cannot be enforced." *Rodriguez*, 2013 WL 1773670, at *5 (citing 17A C.J.S. Contracts § 169).

assignment voidable and did not furnish plaintiffs with a basis to challenge the assignment); *Howard v. J.P. Morgan Chase NA*, 2013 WL 1694659, at * 8 (W.D.Tex. Apr. 18, 2013) (finding plaintiff's allegations that the signer lacked authority to sign on behalf of MERS would render the assignment voidable and, therefore, plaintiff lacked standing to challenge the assignment); *Venegas v. U.S. Bank, Nat'l Ass'n,* No. SA-12-CV-1123-XR, 2013 WL 1948118, at *5 (W.D. Tex. May 9, 2013) (finding "[p]laintiffs' allegation that Krystal Hall and Melanie Cowan lacked authority to execute the assignment documents, if true, would suggest that the assignments are merely voidable" and "[p]laintiffs do not have standing to challenge the assignments on that ground").   Accordingly, Plaintiff's allegation that the Assignment is void because Ms. Williams was not employed by MERS or Everette does not give her standing to challenge MERS's Assignment.

### 2.   *Forged Signatures*

Plaintiff alleges that the Assignment is "fraudulent and/or forged".  (doc. 1-11 at 6.)  In her response, she contends that she can question the Assignment if it is void, and "in this case, forged signatures constitute a void Assignment of Deed of Trust." (doc. 11 at 7.) The Fifth Circuit recently rejected a similar argument in *Reinagel*.  The mortgagors argued that the assignment document was void as a forgery because the assignor's signature was simply scanned onto the document and then notarized as an original.  735 F.3d at 224.  The Fifth Circuit called that argument as a "red herring" because "Texas recognizes typed or stamped signatures–and presumably also scanned signatures–so long as they are rendered by or at the direction of the signer." *Id*. at 227.  Since the mortgagors had not alleged that the signature was scanned without the signer's authorization, the Court found that they had not adequately alleged that the signature

was a forgery.  *Id*. at 227-228.[8]

Here, Plaintiff appears to simply allege that the Assignment contains a forged signature. (*See* doc. 11-1 at 6; doc. 11 at 7-8.).  She does not allege that the signature on the Assignment was not the actual signature of the assistant secretary of MERS, and she does not allege that the signature was made without the assistant secretary's authorization.  Her allegations fail to raise a reasonable inference that she has standing to challenge MERS's Assignment.  *See Molin v. Fremont Investment & Loan*, No. H-13-2394, 2013 WL 6732043, at *2 (S.D. Tex.  Dec. 19, 2013) (holding plaintiffs lacked standing to challenge the assignment because they merely alleged that signatures on assignments were not the actual signatures of the signers and not that the signatures were affixed without the signers' authorization); *Lopez v. Sovereign Bank, N.A.,* No. H-13-1429, 2014 WL 1315834, at *7 (S.D. Tex. March 31, 2014) (holding plaintiffs lacked standing to challenge the assignment because they did not allege facts that, if true, would show the signer's signature was made without her authorization and was therefore a forgery); *Rodriguez*, 2013 WL 1773670, at *6 (holding Plaintiff lacked standing to challenge the assignment and "[e]ven if [plaintiff]...had different signature variations, as long as MERS was aware of this and did not object to it, the assignment–though perhaps fraudulent–would not rise to the level of a forgery and thus would be voidable, not void").

**D.    Fraud**

Defendants also argue that Plaintiff's fraud claim should be dismissed because it fails to comply with

---

[8]Under Texas law, forgery is defined as "the making or altering of a written instrument purporting to be the act of another." *Reinagel*, 735 F.3d at 227 n. 22 (citing *Nobles v. Marcus*, 533 S.W.2d 923, 925–26 (Tex. 1976)).

Fed. R. Civ. P. 9(b).[9] (doc. 7-1 at 14-15.)

"The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation[,] the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chem. Indus. Joint Stock Co. Ltd., v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).  Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity.  *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010).  "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Elecs.*, 343 F.3d

---

[9]Defendants additionally argue that Plaintiff's "specific challenge to the MERS system" in regards to MERS deputizing its members' employees with authority to execute assignments on its behalf has been rejected by a number of courts.  (doc. 7-1 at 14.)  Because Plaintiff's fraud claim is already subject to dismissal for failure to state a claim, it is unnecessary to reach this argument.

at 724.

In support of her fraud claim, Plaintiff alleges that Defendants' attempts to transfer and assign the deed of trust are "fraudulent and/or forged" because they had no knowledge or interest in the note and deed of trust, and therefore they had no authority to assign them. (doc. 1-11 at 6.) Defendants violated Texas laws by "filing fraudulent documents in Public Record with the specific intent to defraud Plaintiff." (*Id*. at 8.) She also argues that the Assignment is void because Ms. Williams executed it but was not employed by MERS or Everett. (*Id*. at 6.) She alleges that the deed of trust has been severed from the note, rendering the deed of trust void. (*Id*. at 7.) Finally, she contends that Defendants have been paid in full by her and the "applicable insurance" for the amounts owed under the note, however they continue to seek foreclosure of the Property. (*Id*. at 7.)

Although Plaintiff attempts to establish the "who, what, when, where, and how" with respect to her fraud claim, particularly as it pertains to Ms. William's authority to sign the Assignment on behalf of MERS, she fails to allege any facts supporting an inference that Defendants *intended her* to act on their purported misrepresentations. *See Dorsey v. Portfolio Equities, Inc*., 540 F.3d 333, 339 (5th Cir. 2008) ("[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b) ... The plaintiffs must set forth specific facts supporting an inference of fraud[,] ... such as identify[ing] circumstances that indicate conscious behavior on the part of the defendant.")(citations omitted)(emphasis in original). The amended complaint therefore fails to satisfy Rule 9(b)'s pleading requirements.

Plaintiff's allegations also cannot plausibly entitle her to relief because she does not allege that Defendants made a material, false representation to *her* upon which *she* relied to her detriment. *See Grisham v. Deutsche Bank Trust Co. Americas*, No. 4:11-cv-3680, 2012 WL 2568178, at *4

15

(S.D. Tex. June 28, 2012)(dismissing fraud claim for failure to state a claim where the plaintiff alleged that

the defendant "committed fraud by manufacturing documentation to support its alleged ownership of the

Note" but he did "not contend that [the defendant] made this material representation to *him*")(emphasis

added).  Her request to enjoin the foreclosure sale fails to show any justifiable reliance on her part, and

shows instead her attempt to contest Defendants' purported fraudulent actions.  Plaintiff's fraud claim fails

and should be dismissed under both Rule 9(b) for failure to meet the rule's heightened pleading

requirements, and under Rule 12(b)(6) for failure to state a claim.  Defendants' motion to dismiss this claim

should be granted.

## E.     Fraudulent Lien

Defendants move to dismiss Plaintiff's claim for creation of a fraudulent lien under Tex. Civ.

Prac. & Rem. Code § 12.002 on the basis that she does not plead sufficient facts to show the presence

of the elements necessary to establish such a claim.  (doc. 7-1 at 16.)

The Code establishes the requirements for this cause of action, providing in relevant part:

> A person may not make, present, or use a document or other record with:
> (1) knowledge that the document or other record is a fraudulent court record or a
> fraudulent lien or claim against real or personal property or an interest in real or
> personal property;
> (2) intent that the document or other record be given the same legal effect as a court
> record or document of a court created by or established under the constitution or laws
> of this state or the United States or another entity listed in Section 37.01, Penal Code,
> evidencing a valid lien or claim against real or personal property or an interest in real or
> personal property; and
> (3) intent to cause another person to suffer:
> (A) physical injury;
> (B) financial injury; or
> (C) mental anguish or emotional distress.

Tex. Civ. Prac. & Rem. Code § 12.002(a); *see also Vanderbilt Mortg. & Fin., Inc. v. Flores*, 692

F.3d 358, 369–70 (5th Cir. 2012).

Plaintiff seeks to have the court determine whether Defendants filed "forged and fraudulent" records into the Official Public Records of Dallas County in violation of Tex. Civ. Prac. & Rem. Code § 12.002(a), and she also contends that Defendants filed fraudulent documents with the specific intent to defraud her. (doc. 1-11 at 7-8.) She alleges that the Assignment was fraudulent and/or forged because Defendants had no knowledge or interest in the note and deed of trust and therefore had no authority to assign them." (*Id.* at 6.)

She fails to allege any facts showing that Defendants had knowledge that any documents were fraudulent, that they intended that they be given the same legal effect as a valid lien, or that Defendants intended to injure her or cause her mental anguish or emotional distress. Accordingly, Defendants' motion to dismiss this claim should be granted.

F.      **Slander of Title**

Although Defendants contend that Plaintiff's slander of title claim is based solely upon her "show-me-the-note" and "split-the-note" theories, they also move to dismiss the claim on the basis that she fails to allege sufficient facts to support it. (doc. 7-1 at 19.)

To prevail on a slander of title claim in Texas, a plaintiff must allege and prove: (1) the utterings and publishing of disparaging words; (2) the words were false; (3) the words were malicious; (4) the plaintiff sustained special damages; and (5) the plaintiff possessed an estate or interest in the property disparaged. *Manders v. Manders*, 897 F. Supp. 972, 976 (S.D. Tex. 1995) (citations omitted).

Here, in support of her slander of title claim, Plaintiff contends that Defendants' claim to the Property is defective and void, and they had knowledge of the fatal defects in the chain of title and in the

17

purported transfer of the note.  (doc. 1-11 at 9.)  She also claims that she has no knowledge or way to

determine who is the true holder of the note, and she is in jeopardy because the true holder can come

forward claiming an unsatisfied interest in the note.  (*Id*.)  According to Plaintiff, the note and deed of trust

are inseparable.  (*Id*.)  If they are not owned by the same entity, the note is unsecured and the deed of trust

secures nothing.  (*Id*. at 9-10.)  She contends that because none of the defendants are the beneficiary of

both the note and deed of trust, the note is unsecured, the deed of trust is a nullity, and the Defendants lack

standing to pursue foreclosure.  (*Id*. at 10.)  Plaintiff additionally claims in support of her slander of title

claim that the Assignment is void because it was signed by an employee of an entity other than MERS or

Everett. (*Id*.)

Plaintiff alleges no facts raising a reasonable inference that the Assignment was disparaging, false,

or done maliciously, or that Defendants otherwise maliciously published any false or disparaging words

regarding the Property.  She also does not allege any special damages.  Accordingly, Defendants' motion

to dismiss this claim should be granted.  *Everhart*, 2013 WL 264436, at *8 (dismissing slander of title

claim where plaintiff failed to allege disparaging words, maliciousness, or special damages); *see Coleman*,

969 F.Supp.2d at 752 (finding the plaintiff's slander of title claim is subject to dismissal for failure to state

a claim because she "simply fails to assert any facts supporting the elements of a slander of title action").

## G.   <u>Declaratory Judgment</u>

Defendants argue that Plaintiff's request for declaratory relief should not be granted because her

underlying claims fail.  (doc. 7-1 at 20.)

Plaintiff's amended complaint seeks relief under the Texas Declaratory Judgments Act, codified

in §§ 37.001-37.011 of the Texas Civil Practice & Remedies Code.  (*See* doc. 1-11 at 6.)  "The Texas

act is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one." *Brock v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)). In light of its removal from state court, the action may be construed as one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. *See Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (holding that "[w]hen a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act").

The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The federal Declaratory Judgment Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citations and internal quotation marks omitted). The Act is an authorization and not a command, and allows federal courts broad (not unfettered) discretion to grant or refuse declaratory judgment. *Id.*

Plaintiff seeks declarations that she owns the Property, that Defendants have no "estate, right, title, lien, or interest in or to the Property," and that all documents forged or fraudulently recorded in the Official Public Records of Dallas County are void. (doc. 1-11 at 11-12.)

As discussed above, she has failed to allege any facts giving rise to a plausible substantive claim

or suggesting a present genuine controversy between the parties.  Defendants' motion to dismiss Plaintiff's

request for declaratory relief should therefore be granted.  *See Bell*, 2012 WL 568755, at *8 (denying the

plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a

present controversy existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, No.

3:11-CV-0860-D, 2011 WL 3606688, at *5–6 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.), *aff'd*, 2013

WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain the plaintiff's request for declaratory judgment

where he had not pleaded a plausible substantive claim).

## H.   <u>Injunctive Relief</u>

Finally, Defendants seeks to dismiss Plaintiff's request for injunctive relief because she fails to

allege any viable cause of action.  (doc. 7-1 at 21.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial

likelihood of success on the merits.'"  *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A,

2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*,

81 F.3d 597, 600 (5th Cir. 1996)).  Here, Plaintiff seeks to enjoin Defendants from selling or otherwise

taking possession of the Property.  (doc. 1-11 at 10-11.)  Because dismissal of all Plaintiff's claims is

warranted on the merits, she cannot establish any likelihood of success on the merits.  *See Jackson*, 2011

WL 3874860, at *3.  Accordingly, Defendants' motion to dismiss her request for injunctive relief should

be granted.

## III.  REMAINING DEFENDANTS

Plaintiff named "Shelly Ortolani, et al. Substitute Trustees" as a defendant in this action, but there

is no proof of service in the record for these defendants (*see* doc. 1-2 at 13), and none of them has

appeared in this action.  The claims against "Shelly Ortolani, et al. Substitute Trustees" are intertwined with those against Defendants and therefore subject to dismissal for the same reasons.  The Court may *sua sponte* consider and dismiss Plaintiff's claims against "Shelly Ortolani, et al. Substitute Trustees" along with those against Defendants on its own motion under Rule 12(b)(6) as long as Plaintiff is given notice of the Court's intention and an opportunity respond.  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006); *see also Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *6 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.), *aff'd*, 2013 WL 657772 (5th Cir. Feb. 22, 2013) (explaining that a "court has the authority to consider the sufficiency of a complaint and dismiss an action on its own motion as long as the procedure employed is fair") (internal quotations omitted).  The fourteen days allowed for filing objections to the recommended dismissal ensures that the procedure is fair by providing Plaintiff with notice and an opportunity to respond.  *See Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008).  The Court should also *sua sponte* dismiss all of Plaintiff's claims against defendant "Shelly Ortolani, et al. Substitute Trustees" for failure to state a claim.

## IV.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted.  *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001).  Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order.  *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870,

21

at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at * 1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, all of Plaintiff's claims fail as a matter of law because they are based on the invalid "show-me-the-note" and "split-the-note" theories or they are based on the alleged invalidity of the Assignment, which Plaintiff lacks standing to challenge. Plaintiff's claims are also factually unsupported. Accordingly, she appears to have alleged her best case, and her claims should be dismissed with prejudice.[10]

## V.  RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED,** and all of Plaintiff's claims against all defendants should be dismissed with prejudice.

SO RECOMMENDED on this 16th day of July, 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[10]In her response to Defendants' motion to dismiss, Plaintiff argues that the Court does not have subject matter jurisdiction in this case based on a lack of diversity and her failure to specify a dollar amount as part of her action. (*See* doc. 11 at 11-13.) To the extent Plaintiff seeks remand of this case to state court, Plaintiff has failed to file a motion that complies with the Local Civil Rule 7 of the Local Civil Rules for the Northern District of Texas. Even if liberally construed as a motion to remand, Plaintiff's arguments fail because Defendants have met their burden in the notice of removal (doc. 1) to show that complete diversity of citizenship exists and that the amount in controversy exceeds $75,000.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

23