**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CHERYL JOHNSON-WILLIAMS, a/k/a § <br> CHERYL ANGRUM, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> CITIMORTGAGE, INC.; MORTGAGE § <br> ELECTRONIC REGISTRY SYSTEMS; § <br> SHELLEY ORTOLANI, et al. § <br> SUBSTITUTE TRUSTEES, § <br>     Defendants. § | Civil Action No. 3:14-CV-3927-M (BH) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for pretrial management. Before the Court is *Plaintiffs' Motion for Reconsideration of the Court's Order Dated August 13, 2015*, filed August 24, 2015 (doc. 25). Based on the relevant filings and applicable law, the motion should be **DENIED.**

**I. BACKGROUND**

This case involves the foreclosure of the property located at 1908 Courtside Drive, Grand Prairie, Texas 75051. (*See* doc. 1-11 at 2, 4.)[1] On August 5, 2014, Cheryl Johnson-Williams (Plaintiff) filed suit in state court against CitiMortgage, Inc. (CMI), Mortgage Electronic Registration Systems, Inc. (MERS)[2], "Shelley Ortolani, et al, Substitute Trustees", and Everett Financial, Inc. d/b/a Supreme Lending (Everett). (*See* doc. 1-1 at 6-7.)  She filed an amended petition for declaratory judgment on November 5, 2014. (doc. 1-11.) On that date, CMI and MERS removed the action to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] MERS is incorrectly named as Mortgage Electronic Registry Systems.

1.)

CMI and MERS moved to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6) on January 15, 2015. (doc. 7.) On July 16, 2015, dismissal of Plaintiff's claims with prejudice was recommended based on a finding that all of Plaintiff's claims failed as a matter of law because they were based on the invalid "show-me-the-note" and "split-the-note" theories, or on the alleged invalidity of the assignment of the deed of trust, which she lacked standing to challenge, and they were factually unsupported. (doc. 19 at 22.) No opportunity to amend was recommended because it appeared that she had pled her best case. (*Id*.)

On August 6, 2015, Plaintiff moved for leave to amend under Fed. R. Civ. P. 15(a)(2) based on newly discovered evidence.[3] (doc. 20 at 4-5.) The proposed amended complaint added Everett and Government National Mortgage Association (Ginnie Mae) as Trustee for the Ginnie Mae Remic Trust 2006-059 (the Trust),[4] and expressly asserted claims for fraud, negligent misrepresentation, breach of contract, quiet title, creation of a fraudulent lien under Tex. Civ. Prac. & Rem. Code § 12.002, violation of UCC 3-501(b)(2), and "violation of 15 U.S.C.A. 1641(G)(1)(D)". (doc. 20-1 at 1-15.) Liberally construed, it also asserted a claim for violation of the Real Estate Settlement Procedures Act and sought a declaration that the defendants violated Section 192.007(a) of the Texas Local Government Code. (*Id*. at 15-16.)

Plaintiff's motion for leave to amend was denied on August 13, 2015, because her proposed amended complaint made new claims based on allegations that failed to state a claim. (doc. 22.)

---

[4]Plaintiff also separately filed a motion for leave to add Everett and Ginnie Mae "as a matter of full disclosure and ensuring that all interest[ed parties] that may have a claim to Plaintiff's property are properly notified, served and noticed in relation to this action." (doc. 21.) This motion was duplicative of the relief she sought in her motion for leave to amend and was not separately addressed.

## II. ANALYSIS

Plaintiff seeks reconsideration of the denial of her motion for leave to amend on grounds that she has newly discovered evidence, i.e., a chain of title analysis that she requested from a mortgage compliance investigator to determine if her lender complied with all the "applicable laws concerning the issuing, transfer/sale." (doc. 25 at 3.) She contends that the deficiencies in her last amended complaint can be cured by amendment. (*Id*. at 3.) Her motion for reconsideration of a court order is construed as a motion for relief under Rule 60(b)(2).

Rule 60(b) provides in, pertinent part, that a court may relieve a party from a final judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3). *See* FED. R. CIV. P. 60(c)(1); *Wilson v. Johns-Manville Sales Corp*., 873 F.2d 869, 871 (5th Cir. 1989) (the time runs from the date the district court entered final judgment).

In order to "prevail on a motion for reconsideration under Rule 60(b)(2), 'based on newly discovered evidence ... a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Howard v. Mercedes-Benz*

*USA, LLC*, No. H-10-3373, 2012 WL 5464963, at *2 (S.D.Tex. Nov. 8, 2012)(quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005)). Although Plaintiff contends that she did not receive a hard copy of the chain of title analysis until August 13, 2015, she has not alleged that she could not have requested the analysis before filing suit or before filing her motion for leave to amend her complaint. There is simply no indication that the analysis was not previously available to her. She has not demonstrated that the chain of title analysis could not have been obtained earlier with reasonable diligence. *See* Fed.R.Civ. P. 60(b)(2); *Howard*, 2012 WL 5464963, at *2.

Moreover, Plaintiff has also failed to demonstrate that the chain of title analysis is material and would have produced a different result if she had provided it earlier. Plaintiff's chain of title analysis appears to raises various challenges to the assignment of the deed of trust. It asserts allegations implicating the "show-me-the-note" and "split-the-note" theories; regarding the lack of recordation of the assignment, which implicates Tex. Local Gov't Code § 192.007(a); and regarding the improper sale of the note to Ginnie Mae as trustee for the Trust. (*See* doc. 25 at 18-19, 23-26, 28-29, 31.) It has already been determined that any claims based on these allegations fail as a matter of law. (*See* docs. 19, 22-23.) Accordingly, even if considered, Plaintiff's proposed amended complaint would not have produced a different result.

### III. RECOMMENDATION

Plaintiff's motion for reconsideration should be **DENIED.**

**SO RECOMMENDED** on this 11th day of February 2016.

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE